**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**OHAD BAREBY,**

                        **Plaintiff,**

        **- against -**

**UNION MUTUAL FIRE INSURANCE COMPANY,**

                      **Defendant.**
————————————————————————

**22-cv-6034 (JGK)**

**MEMORANDUM**
**OPINION & ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Ohad Bareby, originally filed this action for breach of contract in the New York State Supreme Court, Bronx County, alleging that the defendant, Union Mutual Fire Insurance Company ("Union Mutual"), breached a property insurance policy by refusing to pay a claim arising from a burst pipe on the plaintiff's property. Compl., ECF No. 1-1. The defendant removed the action to this Court based on diversity of citizenship jurisdiction, Not. of Removal, ECF No. 1, and now moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), ECF No. 7. For the following reasons, the defendant's motion to dismiss is **denied.**

**I.**

Unless otherwise noted, the following facts are drawn from the Complaint and are accepted as true for purposes of this motion.

The plaintiff maintained an insurance policy (the "Policy") insured by the defendant that covered damage from pipe failure in the plaintiff's building in the Bronx. Compl. ¶ 4. On November 30, 2020, a pipe burst, causing substantial damage to the building. Id. ¶ 5. To prevent further damage, the plaintiff immediately contacted a plumber, who repaired the pipe. Id. ¶ 6. The next day, the plaintiff notified the defendant, but the defendant did not state that it wished to inspect the pipe. Id. ¶¶ 7-8. The burst pipe allegedly caused more than $106,000 in property damage. Id. ¶ 28.

In February 2021, the defendant "issued a denial of claim and rescission of policy." Id. ¶ 9. The plaintiff alleges that the defendant faulted him for calling the plumber before allowing the defendant to inspect the pipe and accused the plaintiff of misrepresenting that the building had only two tenants, when in fact there were three. Id. The defendant allegedly claimed that it would not have issued the Policy but for the plaintiff's alleged misrepresentation. Id. To the plaintiff, however, this was "all just simply a bad faith attempt" by the defendant to avoid coverage under the Policy. Id. ¶ 10.

On June 29, 2022, the plaintiff filed this suit in the New York State Supreme Court, Bronx County, alleging a single cause of action for breach of contract. Id. ¶¶ 32-48. The plaintiff

alleged that the defendant breached the Policy by refusing to pay the plaintiff's claim, which the plaintiff asserts was "clearly covered by the" Policy. Id. ¶¶ 31, 36. As part of his breach of contract claim, the plaintiff further alleged that the defendant breached the implied covenant of good faith and fair dealing and failed to comply with New York Insurance Law § 2601, which prohibits insurers from engaging in unfair claims settlement practices, by "misrepresenting pertinent facts relating to coverage," unreasonably delaying payment, refusing to settle the plaintiff's claim promptly, and "[c]ompelling [the] [p]laintiff to institute this suit because of [the] [d]efendant's refusal to pay or even negotiate a settlement." Id. ¶¶ 42, 45.

The defendant removed the action to this Court on July 15, 2022, ECF No. 1, and filed this motion to dismiss on August 11, 2022, ECF No. 7. The defendant attached to its motion several documents, including an affidavit from James Lambert, the President of Roundhill Express, LLC ("Roundhill"), the defendant's underwriter. See Lambert Aff., ECF No. 9. According to the Lambert Affidavit, the defendant issued three commercial package insurance policies insuring the property, id. ¶ 15; the defendant rescinded the policies after discovering the existence of the third residence, which the defendant deemed a material misrepresentation of the plaintiff's applications for coverage,

3

id. ¶ 19;[1] the defendant then sent the plaintiff three premium
refund checks along with a Disclaimer of Coverage and Notice of
Rescission, id. ¶ 21; each check instructed the plaintiff that
"[c]ashing the check will constitute an accord and satisfaction,
meaning that you do not dispute Union's rescission of the
policy," id. ¶ 23; and the plaintiff endorsed and cashed the
checks, id. ¶¶ 23-24. Referenced in the Lambert Affidavit, and
also attached to the motion to dismiss, are the three policies,
the rescission letter, and the refund checks. ECF Nos. 9-1 to 9-
4. The defendant argues that this evidence demonstrates that the
plaintiff "agreed that the Policies are rescinded and as such
there is no coverage for the claim alleged in the Complaint."
Lambert Aff. ¶ 26.

In his opposition to the motion to dismiss, the plaintiff
also attached several documents. A declaration by the plaintiff
asserts that he hired a public adjuster "to fight [the]
[d]efendant[] for wrongfully rescinding [the] policy" and that
the plaintiff only cashed the checks after being advised that he
could do so without forfeiting his claims against the defendant.
Bareby Decl., ECF No. 11-2, ¶¶ 4, 6-7. Also appended to the

_____

[1] "To establish the right to rescind an insurance policy, an
insurer must show that its insured made a material
misrepresentation of fact when he or she secured the policy."
Interboro Ins. Co. v. Fatmir, 933 N.Y.S.2d 343, 345 (App. Div.
2011).

plaintiff's opposition brief are emails from the plaintiff's adjuster to Roundhill challenging the rescission, ECF No. 11-3; see also Bareby Decl. ¶ 8, as well as an Inspection Election form for an inspection Roundhill performed on the plaintiff's property in June 2020. ECF No. 11-4. According to the plaintiff, the inspection demonstrates that the defendant knew about the number of apartments in the building months before the pipe burst. The plaintiff contends that, based on this knowledge, the defendant was estopped from rescinding the policy based on the number of apartments. Pl.'s Opp., ECF No. 11, at 6-7.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

court must accept as true all of the allegations contained in
the complaint is inapplicable to legal conclusions." <u>Id.</u>[2]

**III.**

The defendant argues that there was no breach of contract
under the Policy because the plaintiff agreed to the rescission
of the Policy. Def.'s Memo., ECF No. 10, at 9. The plaintiff
responds that the Policy remains in effect because the
defendant's attempted rescission was invalid. Pl.'s Opp. at 3.
The Court cannot resolve this dispute on the defendant's motion
to dismiss, however, because doing so would require the Court to
consider the extensive extraneous material the parties attached
to their briefs. The parties' dispute is one for summary
judgment, not this motion to dismiss.

At the pleading stage, a court generally must limit its
analysis to the four corners of the complaint. <u>Kopec v.
Coughlin</u>, 922 F.2d 152, 154-55 (2d Cir. 1991). A court may also
consider documents attached to the complaint as exhibits,
documents incorporated by reference in the complaint, and
documents integral to the complaint. <u>United States ex rel.
Foreman v. AECOM</u>, 19 F.4th 85, 106 (2d Cir. 2021). But outside
these documents, the rule against "consider[ing] extra-pleading

---

[2] Unless otherwise noted, this Memorandum Opinion and Order
omits all alterations, citations, footnotes, and internal
quotation marks in quoted text.

material in ruling on a motion to dismiss" is "strictly enforced." Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002). Considering extraneous material when "judging the sufficiency of a complaint is at odds with" the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) and "risks depriving the parties of a fair adjudication of the claims by examining an incomplete record." Id. at 154-55.

Thus, where a district court considering a motion to dismiss is presented with matters outside the pleadings, the court "must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment." Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). If the court converts the motion to one for summary judgment, the court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see also Friedl, 210 F.3d at 83.

The parties have presented the Court with extensive extra-record material to assess the defendant's accord-and-satisfaction defense, including the Lambert Affidavit and the pictures of the cashed checks from the defendant, as well as the Bareby Declaration, email exchanges, and June 2020 inspection notice from the plaintiff. But this material is not found, referred to, or otherwise relied on in the Complaint. The Complaint merely alleges that the defendant attempted to rescind

7

the Policy in part because of the plaintiff's alleged misrepresentation. See Compl. ¶ 9. The Complaint gives no indication that the plaintiff agreed to the rescission.

The defendant argues that the Court may consider the premium refund correspondence and cashed premium refund checks because these documents are "integral to the Complaint." Specifically, the defendant contends that these documents "substantiate that the Complaint is incomplete because [the] [p]laintiff alleges he is entitled to coverage under a Policy he has acknowledged is void ab initio." Def.'s Memo. at 5. But a document is not integral to a complaint merely because it is "favorable to the defendant, possibly thwarting the plaintiff's claims." AECOM, 19 F.4th at 108. Were that the rule, "it would be difficult to imagine a document that could not be considered on a motion to dismiss pursuant to the integral-to-the-complaint exception." Id. Rather, a document is integral to a complaint in only "a narrow set of circumstances," namely, "where the plaintiff relies heavily on the document's terms and effect in pleading his claims." Id. at 107. "[M]ere notice or possession is not enough." Chambers, 282 F.3d at 153.

The premium refund correspondence and cashed premium checks are not integral to the Complaint. Even if the plaintiff knew of or possessed these documents, he did not rely on them to plead his breach of contract claim. And while the material is plainly

relevant to the defendant's accord-and-satisfaction defense, "it is [the] defendant's responsibility to raise" that defense. Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 203 (2d Cir. 2013). "[A] motion addressed to the adequacy of the pleadings is not . . . the proper place for" the defendant to do so. Id. (declining to consider collective bargaining agreements that formed the basis of defendant's preemption defense); see also, e.g., Gillett v. Zara USA, Inc., No. 20-cv-3734, 2022 WL 3285275, at *8 (S.D.N.Y. Aug. 10, 2022) (same); Abrahami v. Meister Seeling & Fein LLP, No. 21-cv-10203, 2022 WL 2066480, at *6 (S.D.N.Y. June 8, 2022) (declining to consider defense that the plaintiff "acted in bad faith" and "instigated the escrow dispute" alleged in the complaint, because the defense was "predicated entirely on emails attached as exhibits to [the defendants'] motion to dismiss").

Moreover, the Court could consider the premium refund correspondence and cashed premium checks on a motion to dismiss only if "no dispute exist[ed] regarding the[ir] authenticity or accuracy" and if there were "no material disputed issues of fact regarding the[ir] relevance." AECOM, 19 F.4th at 106. But there are disputes of material fact concerning the defendant's arguments of rescission and accord and satisfaction, including the materiality of the plaintiff's alleged misrepresentation, whether the defendant "sent the checks to try to trick [the]

[p]laintiff into an accord and satisfaction," see Pl.'s Opp. at 4, and whether the correspondence between the plaintiff's adjuster and Roundhill was sufficient to prevent any accord and satisfaction.

Accordingly, the Court will not consider the parties' extra-record material on this motion. Because the defendant's defenses of rescission and accord and satisfaction are predicated entirely on that material, the defendant's motion to dismiss the Complaint on the grounds that the plaintiff agreed to the rescission of the Policy is **denied**.[3]

**IV.**

The defendant also argues that the Complaint does not state a claim for violation of the implied covenant of good faith and fair dealing or for unfair claims handling practices, and the

---

[3] The Court declines to consider the extra-record material and convert the motion to dismiss into one for summary judgment. "The decision whether to convert is a matter for the court's discretion." Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 278 (S.D.N.Y. 2006). Neither party has asked the Court to convert the motion, and the Court could not do so without giving the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Because discovery has not yet begun, the better course is to allow the parties to conduct discovery and file any motions for summary judgment at the appropriate time. See Wajilam Exps., 475 F. Supp. 2d at 278 ("There would be little point in considering a summary judgment motion when significant relevant facts may yet be discovered."); Houlahan v. Raptor Trading Sys., Inc., No. 16-cv-9620, 2018 WL 3231662, at *5 (S.D.N.Y. Feb. 12, 2018) ("[S]ummary judgment motions prior to discovery are disfavored.").

defendant argues that these claims "must be dismissed." Def.'s Memo. at 12. But there are no such claims to dismiss. The Complaint does not allege independent causes of action for the defendant's violation of the New York Insurance Law or for breach of the covenant of good faith and fair dealing. The Complaint lists only a single cause of action for breach of contract, which the defendant has moved to dismiss only on the grounds considered and rejected above.[4]

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **denied**. The Clerk of Court is respectfully directed to close ECF No. 7.

---

[4] Because the Complaint does not allege a separate cause of action for breach of the implied covenant, it is unnecessary to consider the plaintiff's contention that "even had [he] alleged the breach of the implied covenant of good faith and fair dealing as a separate cause of action," it "would survive." Pl.'s Opp. at 12.

As for the unfair claims practices claim, the plaintiff rightly acknowledges that he could cannot make an independent claim for relief based on the violation of New York Insurance Law § 2601, because the statute "grants no private right of action to an insured, but merely permits the New York State Department of Insurance to punish violators." Gucciardo v. Reliance Ins. Co., 84 F. Supp. 2d 399, 403 (E.D.N.Y. 2000); see also Rocanova Equitable Life Assur. Soc'y, 634 N.E.2d 940, 945 (N.Y. 1994).

The defendant is directed to answer the Complaint by February 24, 2023. The parties should file a Rule 26(f) report by March 10, 2023.

**SO ORDERED.**

**Dated:**      **New York, New York**
              **February 8, 2023**

                                        _____
                                          John G. Koeltl
                                        **United States District Judge**

12